IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OLYMPIC CONTROLS CORP., an
Oregon corporation,

                Plaintiff,                Civil No. 05-765-AS

      v.                            FINDINGS AND
                                                RECOMMENDATION

TEKNIC, INC., a New York corporation,
                Defendant.

ASHMANSKAS, Magistrate Judge:

      Defendant Teknic, Inc. ("Teknic"), has renewed its motion to dismiss this action for improper venue or to transfer it to the United States District Court for the Western District of New York (docket No. 41). Plaintiff Olympic Controls, Inc. ("Olympic"), opposes the motion on the ground that the forum selection clause on which Teknic relies does not apply to this action. For the reasons set forth below, the court should DENY the defendant's motion to dismiss as well as the alternative motion to transfer.

## BACKGROUND

      Resolution of this motion depends on whether a forum selection clause in a confidentiality

agreement ("CA") applies to the present action for breach of a representative agreement ("RA").

Teknic relies on a portion of one of the CA's recitals emphasized below:

> "Whereas, Recipient [Olympic] has requested information from Disclosing Party [Teknic] <u>in connection with consideration of a possible transaction or relationship</u> between Recipient and Disclosing Party."

Teknic also relies on the portion of the CA's forum selection clause emphasized below:

> "The parties hereby irrevocably consent to the jurisdiction of the state and federal courts located in Monroe County, New York, <u>in any action</u> arising out of or <u>relating to this Agreement</u>."

The CA, signed on December 13, 2000, predates the RA, an oral agreement the parties entered into in approximately April 2001. Because the CA references "a possible transaction or relationship" between the parties and because its forum selection clause applies to any action "relating to" the CA, Teknic asserts that the forum selection clause applies to Olympic's claim for breach of the subsequent RA.

Additional relevant information is set forth in the court's Findings and Recommendation of October 17, 2005, which denied Teknic's prior motion to dismiss or transfer with leave to re-file. The prior motion was denied in light of the standard set forth by the Ninth Circuit in <u>Murphy v. Schneider National, Inc.</u>:

> "in the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."

362 F.3d 1133, 1138 (9th Cir. 2004). Because objections to venue must be brought in a motion to dismiss or responsive pleading, the Ninth Circuit recognized that "a party seeking to enforce a forum selection clause may face the requirement of asserting the challenge to venue at the outset of the case and then facing the task of overcoming the presumption we have articulated in favor of the non-

moving party." Id. at 1139. Consistent with Murphy, Teknic's initial motion was denied with leave to re-file should further development of the record eliminate any genuine factual issue. See *id*. Towards that end, Teknic renewed its motion and requested an evidentiary hearing.

## EVIDENTIARY HEARING

The evidentiary hearing was held on June 21, 2006. Teknic offered the testimony of its Vice President, Warren God, and Director, Abe Amirana. In general, their testimony supported Teknic's assertion that the CA reflected the parties' intent to pursue a "possible transaction or relationship" as that term is used in the CA. Mr. Amirana was the person who met with Olympic's engineer, Jason McDaniel, on December 13, 2000, and asked him to sign the CA. He testified that his meeting with Mr. McDaniel was to discuss ways in which Teknic and Olympic could work together in the Northwest, *i.e.*, preliminary discussions that eventually led to the RA.

Mr. God testified that his knowledge of the relationship between the parties at the time the CA was signed was derived from his conversations with Mr. Amirana, rather than any direct communication with Olympic. He testified that he selected a specific form of confidentiality agreement, based on the information Mr. Amirana provided him that Teknic was going to discuss a possible relationship with Olympic and Mr. God's concern that a broad agreement was therefore necessary.

Olympic offered the testimony of its President, Scott Hendrickson, and its engineer, Jason McDaniel. They testified generally, that at the time the CA was signed, the parties were discussing work on a discrete project for Hewlett-Packard and had not contemplated the RA, from which this dispute arises. Mr. McDaniel and Mr. Hendrickson also testified that Mr. McDaniel does not have the authority to execute sales or marketing agreements on behalf Olympic, though he does have the

Page -3- FINDINGS AND RECOMMENDATION

authority to bind himself with standard confidentiality agreements when visiting other facilities. Teknic countered this testimony with e-mails between Mr. McDaniel and a company called Sanyo Denki, which discussed a proposed agreement for Olympic to find applications for Sanyo Denki's products.

Mr. McDaniel also testified that he considered the CA a form agreement, the type of which he signs as a matter of course to gain access to other facilities. This testimony was bolstered by the fact that the CA was substantially similar to the form from which it was derived, thereby making it useable generally with parties other than Olympic. For example, while the form was altered to list "Teknic" as the disclosing party, it was not altered to list "Olympic" as the receiving party. The only place Olympic is referenced is in handwriting below the signature line.

Mr. McDaniel testified that, during his December 2000 visit, he and Mr. Amirana were busy solving problems related to the Hewlett-Packard project and did not discuss potential marketing ventures. Consistent with that testimony, Mr. Hendrickson referenced pages from his Franklin Planner, which were offered into evidence, that indicated that the parties were focused on the discrete Hewlett-Packard project at the time the CA was signed and did not discuss any broader potential relationship, such as the eventual RA, until later.

## CONCLUSION

The evidentiary hearing did further inform the factual issues and the witnesses were helpful to the court. Having heard and weighed the documentary evidence and testimony of the witnesses, the court is of the opinion that the relevant conflicts, inconsistencies and contradictions should be resolved in favor of Olympic. Teknic has not carried its burden that the forum selection clause applies. Consequently, its motion to dismiss or to transfer venue should be denied.

Scheduling Order

The above Findings and Recommendation will referred to a United States District Judge for review. Objections, if any, are due **July 25, 2006**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due **fourteen days** after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on the day the response is filed.

DATED this 10th day of July, 2006.

        /s/Donald C. Ashmanskas
        DONALD C. ASHMANSKAS
        United States Magistrate Judge